UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PRESSURE SPECIALIST, INC., ) | |
| ) | Case No. 18-cv-7013 |
| Plaintiff, ) | |
| ) | Judge Matthew F. Kennelly |
| v. ) | |
| ) | |
| NEXT GEN MANUFACTURING INC., ) | |
| ) | |
| Defendants. | |

## STIPULATED ORDER GRANTING PRELIMINARY INJUNCTION

This matter having come before the Court on the November 5, 2018 motion by Plaintiff PRESSURE SPECIALIST, INC. ("PSI") for a preliminary injunction against any further manufacturing, sale, offer for sale, importation or use by Defendant NEXT GEN MANUFACTURING INC. ("Next Gen"") of the PowerHouse Gen II Regulators and HK Army Regulators as shown below:



PowerHouse Gen II Regulator        HK Army Aerolite Regulator
                                   ("HK Army Regulator")

On November 20, 2018, this Court ordered a response by Next Gen to PSI's motion for preliminary injunction by December 10. On December 6, Next Gen advised the Court that it would not oppose the motion, but would instead stipulate to the entry of a preliminary injunction.

By stipulation of the parties, the Court finds as follows:

**FINDINGS OF FACT**

1. Next Gen waives all rights to seek judicial review or otherwise challenge or contest the validity of this order.

2. This Court has jurisdiction over the subject matter of this case, and there is good cause to believe that it has jurisdiction over all parties hereto and that venue in this district is proper.

3. PSI asserts that there is good cause to believe that Next Gen has engaged in acts of infringement at least Claim 1 of United States Patent No. 7,059,343 (the "'343 patent") through Next Gen's manufacture, use, sale or offer for sale of the PowerHouse Gen II Regulator and the HK Army Regulator. As demonstrated by the declaration of Ray Trimble and the attached claim charts filed with PSI's brief in support of its motion for preliminary injunction, PSI has established a likelihood of success that Next Gen's activities infringe claim 1 of the '343 patent. In addition, PSI asserts that Next Gen has waived its right to challenge the validity and enforceability of the '343 patent, as demonstrated by the prior settlement agreement between PSI and Next Gen attached to PSI's brief in support of its motion for preliminary injunction. Thus, PSI has established a likelihood of success that Next Gen will not establish that the '343 patent is invalid.

4. PSI asserts that there is good cause to believe that Next Gen's manufacture, use, sale or offer for sale of the PowerHouse Gen II Regulator and the HK Army Regulator have caused irreparable injury, and that damages or other legal remedies are inadequate to compensate PSI for that injury, as agreed to between PSI and Next Gen in their prior settlement agreement.

5. PSI asserts that there is good cause to believe an injunction related to the PowerHouse Gen II Regulator and the HK Army Regulator is not an undue hardship to Next Gen, as agreed to between PSI and Next Gen in their prior settlement agreement.

6. PSI asserts that there is good cause to believe an injunction related to the PowerHouse Gen II Regulator and the HK Army Regulator is in the public interest, as agreed to between PSI and Next Gen in their prior settlement agreement. The entry of a preliminary injunction is in the public interest.

7. No bond or other security is required for the issuance of a preliminary injunction in this matter.

Thus, it is HEREBY ORDERED AND DECREED THAT Next Gen Manufacturing Inc., its principals, officers, directors, agents, servants, and employees, as well as any successors and/or assigns, and all those acting in privity, concert or participation with Defendants, are preliminarily enjoined from:

(i) making, using, selling importing or offering to sell the PowerHouse Gen II Regulator or the HK Army Regulator;

(ii) making, using, selling, importing or offering to sell any regulator that is not more that colorably different from the PowerHouse Gen II Regulator or the HK Army Regulator; and

(iii) assisting, aiding or abetting another person or business entity in engaging or performing any of the activities enumerated in subparagraphs (i)- (ii) above.

SO ORDERED

Dated: 12/17/2018

_____
MATTHEW F. KENNELLY
UNITED STATES DISTRICT JUDGE

**EXHIBIT B - PAGE 20**